**R.L.H., III, a minor by/through his Guardian Ad Litem Traci HUNTER, Plaintiff—Appellant,**

v.

No. 08–55715.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2009.*

Filed May 12, 2009.

Christopher Chevreaux Vader, Law Offices of Christopher C. Vader, Indio, CA, for Plaintiff–Appellant.

Paul R. Fine, Esquire, Maureen M. Michail, Esquire, Daniels Fine Israel Schonbuch & Lebovits, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: NOONAN, O'SCANNLAIN and GRABER, Circuit Judges.

MEMORANDUM **

"Covered persons" under the policy are "You or any family member." A family member means "a person related to you by blood, marriage or adoption who is a resident of your household." Excluded from coverage is bodily injury "for which a cov-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ered person becomes legally responsible to pay to a member of the covered person's family residing in that covered person's household."

R.L.H. III, by virtue of California Civil Code section 43.1, was a person at the time of the accident and the infliction of the injury. But was he a family member resident in his father's household? If he was, he was insured. By virtue of the exclusion his coverage did not extend to injury caused by his father. We interpret the policy consistently. If R.L.H. III had coverage, he was excluded from coverage for injury inflicted by a family member.

AFFIRMED.